UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUY NGOC LE | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-00154 |
| | § | |
| SALLIE MAE INC. AND WINDHAM | § | |
| PROFESSIONALS INC. | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Duy Ngoc Le, hereinafter called Plaintiff, complaining of and about Sallie Mae Inc., and Winhham Professionals, Inc. (hereinafter called "Defendant"), and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff, Duy Ngoc Le, is an Individual whose address is 11043 Petworth Dr., Houston, Texas 77072.

2. The last three numbers of Duy Ngoc Le's driver's license number are 408. The last three numbers of Duy Ngoc Le's social security number are 259.

3. Defendant MRS BPO, L.L.C. (hereinafter "MRS"), is, upon information and belief, a New Jersey limited liability company, doing business as "MRS Associates". MRS has failed to appoint or does not maintain a registered agent in Texas.

4. Defendant Sallie Mae Inc. (hereinafter "Sallie Mae"), upon information and belief, is a Virginia corporation, doing business as "Sallie Mae" may be served with process pursuant to Section 17.022 of the Texas Civil Practice and Remedies Code by serving its Registered Agent CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin TX 78701-4234. Service of said Defendant as described above can be affected by

certified mail, return receipt requested.

5. Defendant Windham Professionals, Inc. (hereinafter "Winhdam") upon information and belief, is a Texas Corporation. Its registered office is located at 350 N. St Paul St, Dallas, TX 75201-0000. Service can be served by its registered agent Corporation Service Company at 350 N. St Paul St, Dallas, TX 75201.

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. Plaintiff seeks:

   a. declaratory judgment against Sallie Mae, Inc. and its assigns or successor-in-interest relating to student loans and accounts alleged owed by Plaintiff. Said loans were not applied by Plaintiff and Plaintiff did not receive or benefitted from the loans. Plaintiff believes his identity was stolen in order to co-sign or apply for said student loans/accounts. Plaintiff does not have any contract or agreement with Defendant Sallie Mae, Inc.. Any alleged contract is based on a forgery of Plaintiff's signature.

   b. declaratory judgment against Defendant Sallie Mae, Inc. and its assigns or successor-in-interest, including Windham Professionals, Inc., that Defendants' actions and conducts violated the FDCPA and Texas DTPA.

   b. monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

8. The court has general jurisdiction, and in the alternative specific jurisdiction, over Sallie Mae, Inc., MRS, and Windham Professionals, Inc. because, upon information and belief, (1) each defendant has routinely and purposefully done business in the State of Texas, (2) each defendant committed tort in whole or in part in Texas against a Texas resident, and/or (3) its

minimum contacts with the State of Texas are sufficient that substantial justice and fair play allow Texas state courts to exercise jurisdiction over it.

9. This court has personal jurisdiction herein because Defendant Sallie Mae because, upon information and belief, (1) it has routinely and purposefully done business in the State of Texas, (2) it committed tort in whole or in part in Texas against a Texas resident, and/or (3) its minimum contacts with the State of Texas are sufficient that substantial justice and fair play allow Texas state courts to exercise jurisdiction over it.

10. Venue in Harris County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code.

**FACTS**

11. On or about December 6, 2012, Defendant Sallie Mae Inc., through its agent MRS, Windham, and other agents and/or representatives attempted to collect from Plaintiff Duy Le on Account No. 44501 and 44502, also known as account #04196791 and #04196792 (account with Sallie Mae). Unfortunately, rather than utilizing proper collection techniques, Sallie Mae and also by and through MRS, Windham, and other agents and representatives violated consumer protection law, including Texas DTPA and the Federal Debt Collection Practices Act (FDCPA). Plaintiff Duy Ngoc Le does NOT have any account or owe any indebtedness to MRS, Windham, or their alleged principal, Sallie Mae.

12. On or about March 2012, Defendant Sallie Mae Inc., through its agent Defendant Windham Professionals, attempted to collect a debt for the same account 04196791, 04196792, 04001898 and 04001899. On November 19, 2012, Plaintiff disputed the accounts, and requested Defendant Windham Professionals to validate the accounts 04001898 and 04001899. On November 21, 2012, Defendant Windham Professionals received the request (see Exhibit "A").

However, Defendant Windham Professionals failed to provide any information on these accounts. On 02/13/2013Defendant Windham Professionals continued to collect from Plaintiff. (Exhibit "B").  On or about February 25, 2013, Plaintiff attempted to give notice of DTPA claim to Defendant Windham Professionals through its registered agent of record CT Corporation. (Exhibit "C"). On March 1, 2013, CT Corporation denied such registered agent of record and returned same to plaintiff. (Exhibit "D")

13. On June 14, 2013, Defendant Sallie Mae Inc. notified Plaintiff that Windham Professionals was its authorized agent to collect an allege debt, account 4196791 and 4196792 on its behalf.  (Exhibit "**E**")  On August 17, 2013, Defendant Sallie Mae Inc. attempted to collect on the debts, loan number XXXX4782 and XXXX4790 (Exhibit "F").  On August 26, 2013, Plaintiff disputed such debts and requested account validation (Exhibit "G").  On September 13, 2013, Plaintiff, though his counsel, left messages with Defendant Sallie Mae Inc. Defendant Sallie Mae Inc. failed to either respond or resolve the dispute. On or about October 2013, Plaintiff, though his counsel, advised Defendant Sallie Mae's authorized agent of the pending lawsuit. Defendant Sallie Mae Inc. has failed to reply on this matter.

14. Despite numerous written notices that Plaintiff Duy Ngoc Le is represented by an attorney, Defendants and their agents continued to directly contact Plaintiff, disregarding the attorney-client relationship between Plaintiff and his attorney, and also attempted to collect on a disputed account/indebtedness and also despite notice of identity theft against Plaintiff which possibly resulted in or caused the alleged student loan indebtedness.

15. Further, Defendants and/or its agent continue to report adverse, untrue, and false information to third parties concerning Plaintiff, including reporting to all three major credit bureaus adverse and incorrect information concerning accounts that Plaintiff does not owe.

4

Defendants also have failed to take corrective actions to remove and/or correct the false information on the credit reports.

16. Defendant Sallie Mae knowingly and/or should have been notified by its authorized agents of the unlawful practice and violations. Despite said knowledge and notice, Sallie Mae continues to violate the DTPA Act and Texas Fair Debt Collection Act, including both Texas and federal Fair Debt Reporting and Collection Act and FDCPA. Very recently Defendant Sallie Mae Inc. authorized another agent, Allied Interstate, LLC, to collect the student loans/debts, account 17507189. Defendants regularly use the United States mail in the regular collection of debts owed to another and attempts to collect debts and is a debt collector as defined by the Federal Debt Collection Practices (FDCPA).

17. The alleged debts were written off or "charged off" by Defendant Sallie Mae, Inc. on or about March of 2011. The collection of any alleged debts after having been written off or charged off would be a case of unjust enrichment, and/or fraud on the consumer and/or fraud on the public and the court. Moreover, as the debts have been written off or charged off, Defendant Sallie Mae, Inc., is not the real party in interest and has no remaining equity in the alleged contract or indebtedness. In collecting on the alleged debts, Defendants has violated Plaintiff's rights under the FDCPA.

18. Written Notice Given. Plaintiff has timely notified Defendants of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code by letter dated November 19, 2012 and February 25. 2013, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

**VIOLATION OF TEXAS & FEDERAL FAIR DEBT COLLECTION PRACTICE ACT AND FAIR DEBT REPORTING ACT**

19. Incorporating allegations contained in paragraph 11 to 18, in the alternative and

without waiving any of the other causes of action plead herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action plead here, Defendant Sallie Mae Inc. and Defendant Windham Professionals are liable to Plaintiff Duy Ngoc Le for violating the FDCPA and portions of the Texas Finance Code applicable to the collection of consumer debts. Defendant Sallie Mae Inc. and Defendant Windham Professionals acted as a debt collector and/or third-party debt collector when attempting to collect a consumer debt from the Plaintiff-consumer, as such terms are defined in Texas Finance Code §392.001. Defendant Sallie Mae Inc. and Defendant Windham Professionals violated at least the following sections and paragraphs of the Texas Finance Code and the FDCPA:

**Violations of FDCPA and Texas Debt Collection Act, Tex. Fin. Code Ann. § 392.302**

20. Plaintiff adopts and re-alleges paragraphs 1 through 19.

21. Tex. Fin. Code Ann. § 392.302 prohibits a debt collector from using oppressive, harassing, or abusive conduct in the collection of a debt.

22. Under Tex. Fin. Code Ann. § 392.302, the defendant's violations of the TDCA render it liable to plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

23. Plaintiff adopts and re-alleges paragraphs 1 through 19.

24. Pursuant to Tex. Fin. Code Ann. § 392.404, the defendant's violations of the TDCA also constitute a deceptive trade practice under the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code Ann. §§ 17.01 et seq. ("DTPA"), and are actionable under that Act.

25. Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e,

because it made and/or employed false, deceptive and misleading representations and/or means in connection with the instant cause of action. Some or all of said false, deceptive and misleading representations were knowingly and intentionally made by defendants.

26. Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692d because it has engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged student loans. Defendant knowingly and intentionally engaged in harassing, oppressive, and/or abusive conduct toward Plaintiff. Defendants knew or should have known that the natural consequences of said conduct would be to harass, oppress, or abuse Plaintiff.

27. Defendant has represented to Plaintiff that it has the legal right to collect the sums sought in the alleged student loans. Defendant does not in fact have the legal right to collect the sums claimed from Plaintiff, or any other amount, and knew or should have known same when it took action to commence collection action against Plaintiff.

28. Upon information and belief, Defendants do not have the legal right to collect this sum because no sum is owed by Plaintiff to Defendant Sallie Mae, Inc., and/or any party under whom Defendant is claiming to hold an alleged valid contract or agreement. By falsely representing that there exists a proper and legally valid contract or agreement between Sallie Mae, Inc. and Plaintiff, if defendant is so representing, and that defendant has a right of recovery against thereon, defendant have violated the FDCPA, and is liable to for statutory and actual damages thereon, attorneys' fees, and costs. Said violations include, but are not limited to violations of 15 U.S.C. §1692e, et seq. and 15 U.S.C. §1692d, et seq.

29. Defendant has made knowing and intentional misrepresentations or misleading and/or false representations as to the legal status, character, and/or amount of the debt in violation of 15

7

U.S.C. §1692e(2), and in violation of U.S.C.15 §1692e(10). Defendant made the false, knowing, and intentional representation to and all other persons having or acquiring knowledge of the claims of Defendant against Plaintiff, including credit reporting bureaus, and also present or future potential employers of Plaintiff. By filing reports with the major credit bureaus, Defendants have made false, knowing and intentionally deceptive and/or misleading representations to the general public, creditors of, persons or entities might seek to obtain credit from, present or future potential employers of , and others with respect to said account, all of which constitute violations of the Fair Debt Collections Practices Act and the Fair Business Practices Act.

30. Further, Defendant has made no effort to verify or substantiate either:

(a) the documentation necessary to prove that Plaintiff in fact owes the alleged indebtedness, after given notice of identity theft against Plaintiff; and  (b) the correct amount (if any) which it is claimed is owed by Plaintiff.

31. Upon information and belief, Defendants have, in violation of 15 U.S.C. §1692e(8) failed to communicate to Defendant, other persons and entities, including credit bureaus, and persons yet to be determined, that Defendant disputes the alleged debt.

32. By reporting the account as due and also "charged off" on to credit bureaus with misleading information regarding the nature and/or status of said alleged debt with respect to such matters as the identity of the original creditor, the relevant dates and ages of said alleged debt, and other matters which Defendants knew or should have known would mislead, Defendants have violated 15 U.S.C. §1692e(2)(A), 1692e(8), 1692e(10) and 1692k(a)(3).

33.  Defendants' conduct was negligent or willful or both, rendering it liable for attempting to collect fees, interest, and expenses from Plaintiff that are not authorized by any agreement or permitted by law, in violation of 1692 f (1).

34. Defendants' conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper verification of the debt to the Plaintiff prior to initiating a lawsuit, in violation of 1692 g (b).

35. As a result of the foregoing violations, Defendants are liable for actual damages, including general damages and special damages in an amount to be proven at trial pursuant to 15 USC 1692(k) a 1.

36 As a result of the foregoing violations, Defendants are liable for actual damages, including general damages and special damages in an amount to be proven at trial pursuant to 15 USC 1692(k) a 2 a.

37. As a result of the foregoing violations, Defendants are liable for costs and reasonable attorney's fees pursuant to 15 USC 1692(k) a 3.

## ACCOUNTING

38. Defendant repeats and realleges and incorporates by reference the allegations of paragraph 1-30.

39. Defendants have purportedly held themselves out to be Plaintiff's creditor. As a result of this purported relationship with Plaintiff, defendants have a duty to Plaintiff to properly account for monies owed or payments made by Plaintiff or on the alleged student loan accounts.

40. The amount of money paid or claimed still owed to Defendant is unknown to Plaintiff and cannot be determined without an accounting.

41. Defendants should be ordered to provide written accounting of all sums allegedly due under the terms of the alleged original written contract (if any), an accounting of each disbursements of funds to Plaintiff, an explanation of each amount due, and an accounting of all sums allegedly paid on the alleged student loan accounts.

## AGENCY

42. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant Sallie Mae Inc. and Defendant Windham Professionals, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendants.

43. Said Defendant's is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## RESPONDEAT SUPERIOR

44. At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Defendant Sallie Mae Inc. and Defendant Windham Professionals, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

45. Defendant Sallie Mae Inc. and Defendant Windham Professionals are therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of respondeat superior.

## ECONOMIC AND ACTUAL DAMAGES

46. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

   (a) Out-of-pocket expenses, including but not limited to expenses paid for attempts to repair Plaintiff's credit.

   (b) Loss of credit and damage to credit reputation.

   (c) Costs of repairs of credit & reputation.

## DAMAGES FOR MENTAL ANGUISH

47. Plaintiff would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

48. As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## MULTIPLE DAMAGES

49. As alleged hereinabove, Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

50. Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

51. Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## DECLARATORY JUDGMENT

52. Plaintiff requests that declaratory judgment be entered under Chapter 37 of the Texas Civil Practice and Remedies Code as follows:

(a)     That Plaintiff does not have any student loan accounts or indebtedness with or owed to Defendant Sallie Mae Inc., its predecessor and/or assigns, including specifically the accounts #04196791 and #04196792; and that such accounts are null and void as to Plaintiff Duy Ngoc Le.

(b)     That Plaintiff Duy Ngoc Le is not liable and/or has no liability on the student loans and/or indebtedness alleged owed to Sallie Mae, Inc. or its assigns due to identity theft and/or fraud or misrepresentations by third parties.

## ATTORNEY'S FEES

53.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 37.009 of the Texas Civil Practice and Remedies Code; (c) common law; and (d) any other applicable state and federal laws.

## PRAYER FOR RELIEF

Plaintiff prays that this court:

1. Declare that defendants' debt collections practices violated the FDCPA and TDCA;

2. Enjoin the defendants' actions which violate the TDCA and the DTPA;

3. Enter judgment in favor of plaintiff and against defendants for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by 15 U.S.C.A. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403;

4. Enter judgment in favor of plaintiff and against defendants for treble damages as provided by Tex. Fin. Code Ann. § 392.403;

5.   That Plaintiff recovers costs, and reasonable attorney fees, if incurred;

6.   That Defendant be required to produce an Accounting of all sums due and all payments and/or credits given under the alleged breach of contract and account stated claims; and an accounting of all disbursements of funds and/or money to Plaintiff on the alleged student loan accounts;

7.   For general damages and special damages in an amount to be proven at trial pursuant to 15 USC 1692(k) a 1;

8.   For actual damages, including general damages and special damages in an amount to be proven at trial pursuant to 15 USC 1692(k) a 2 a;

9.   For costs and reasonable attorney's fees pursuant to 15 USC 1692(k) a 3;

10.   For a judicial declaration that Defendants' actions violated the FDCPA;

11. Plaintiff requests this Honorable Court to enter a declaratory judgment in favor of Plaintiff Duy Ngoc Le against Defendant Sallie Mae, Inc. as requested herein, and for such other and further relief that may be awarded at law or in equity.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Duy Ngoc Le, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

        **PHAM & NGUYEN LAW GROUP, P.C.**
        10260 Westheimer Road, Suite 207
        Houston, TX  77042
        Tel. (713) 789-8010
        Fax. (713) 789-7750


        By:  /S/  *Kevin H. Pham*
        Trang Nguyen
        Texas Bar No. 24076588
        Kevin H. Pham
        Texas Bar No. 00791438
        Attorneys for Plaintiff
        Duy Ngoc Le



## CERTIFICATE OF SERVICE

   I hereby certify that on May 30, 2014, a true and correct copy of the foregoing Plaintiff's 2nd Amended Complaint were served upon the parties by facsimile as follows:

| | |
|---|---|
| c/o Justin. R. Optiz<br>Adam C. Ragan<br>Akerman LLP<br>2001 Ross Ave., Suite 2550<br>Dallas, Texas 75201<br>Telephone: 214.720.4300 | c/o Justin. R. Optiz<br>Adam C. Ragan<br>Akerman LLP<br>2001 Ross Ave., Suite 2550<br>Dallas, Texas 75201<br>Telephone: 214.720.4300 |


        By:  /S/  *Kevin H. Pham*
        KEVIN H. PHAM
        Attorney for Plaintiff